MARY ANN WATTLES *v.* J. E. B. CONNER et al.

Proof of the signature to a private writing cannot be dispensed with by establishing the signature and death of the subscribing witness, the absence of the party who made the act for a great length of time from the parish, and that his signature could not be found in the records of the parish.

APPEAL from the District Court of the Parish of Concordia, *Farrar*, J. *Stacy & Sparrow*, for plaintiff. *H. B. Shaw*, for defendant and appellant.

CAMPBELL, J. The evidence in this case satisfactorily establishes, that *Forsyth* and his wife removed permanently from Mississippi, and came to live in this State in the fall of 1828; and the only question in the case is, whether the land in controversy was acquired by *Forsyth*, before the removal took place. The sale from *Bradshaw* to *Forsyth* and *McFaden*, upon which the plaintiff relies in support of her rights, is by authentic act, and bears date subsequent to the removal; but the warrantors cited by the defendant, pleaded that the land had been purchased by private act, the 28th March, 1828, several months before *Forsyth* and his wife came here to live; and on the trial, he offered an act bearing that date, purporting to be signed by *Bradshaw* and witnessed by *H. Tooley*. The signature and death of the witness, were admitted, and upon proof of the absence of *Bradshaw* from the parish since 1827, and of the fact that his signature could not be found in the records of the parish, the document was received in evidence, notwithstanding the objection of the plaintiff, who excepted to the opinion of the court.

We think the Judge erred, and that the evidence should not have been received. The rule, as settled in the cases of *Dismukes* v. *Musgroves*, 7 N. S. 60; *Tagiasco et al.* v. *Molinari's Heirs*, 9 L. R. 521; and *Harris* v. *Pattin*, 2 Ann. 217, would seem to be where the signature to a private writing is not an ordinary mark, it must in all cases be proved; and if it be true that the rule does not apply in cases in which proof of the signature cannot be had, there is not sufficient evidence in the record to establish the impossibility in this case.

Of the four witnesses examined, *Fletcher* alone was asked if he knew *Bradshaw's* signature, and his answer was, that he could not say that the signature shown him was genuine.

*Lum* says, that *Bradshaw* moved to Claiborne county, Mississippi, previous to 1827, or about that time; and that he heard of his death somewhere about 1832. He says, *Bradshaw* moved near the town of Rodney, about twenty-one miles distant from the court house of the parish, and that he has no doubt he is dead. The proof of *Bradshaw's* death, might have been made much more certain by inquiry at the neighboring town where he lived for many years, and where he is said to have died; and it is reasonable to suppose that persons knowing his signature, might also have been found there.

As the case is presented, we think this document should have been excluded, and without it, the case is clearly with the plaintiff. Inasmuch, however, as the record contains many independent facts warranting the belief that the instrument is genuine and was executed at the time of its date, (such, for example, as that the instrument was written entirely by *Forsyth*, under whom plaintiff claims; that *Forsyth* exercised acts of ownership over the land in 1828;

that the transaction evidenced by the *sous seing privé* act were known; that one of the notes of *Forsyth & McFadden*, described in the act, was produced, &c.) we are unwilling, because of its exclusion on a technical rule, to affirm the judgment; but think the ends of justice will be best answered, by remanding the case, to enable the defendants either to prove its execution by witnesses residing near Rodney, or else, to show the impossibility of finding any one acquainted with the signature.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be reversed, and the case remanded for a new trial; the costs of the appeal to be paid by the plaintiff and appellee.